UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAGE ZERINGUE | CIVIL ACTION |
| VERSUS | NO. 17-6023 |
| MONSTER ENERGY COMPANY | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is defendant's motion to compel arbitration and to dismiss, or in the alternative, to stay litigation pending arbitration.[1] For the following reasons, the Court grants the motion to compel arbitration and to dismiss.

## I. BACKGROUND

This case arises out of a claim of sexual harassment in violation of Title VII of the Civil Rights Act.[2] Plaintiff Page Zeringue was employed by Defendant Monster Energy Company between February 2008 and October 2015.[3] On February 20, 2008, and again on September 11, 2014, plaintiff

---

[1] R. Doc. 3.
[2] R. Doc. 1.
[3] *Id.* at 2-9.

signed an employment contract that included an agreement to subject any controversy or claim arising out of her employment to binding arbitration.[4]

Plaintiff alleges that, beginning in July 2014, her supervisor, John Kenneally, began making unwelcome sexual advances toward her.[5] Plaintiff further alleges that another Monster Energy manager, Ted Cook, made comments about her breasts and grabbed her inappropriately.[6] Plaintiff alleges that she experienced retaliation after rejecting Kenneally's sexual advances and filing a sexual harassment complaint against Cook, and she was eventually terminated on October 16, 2015.[7]

On June 22, 2017, plaintiff filed a complaint for damages alleging violations of Title VII because of a sexually hostile work environment and unlawful retaliation.[8] Defendant now moves to compel arbitration, and to dismiss, or alternatively stay, these proceedings.[9]

## II. DISCUSSION

The Federal Arbitration Act expresses a liberal federal policy favoring arbitration. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011).

---

[4] R. Doc. 3-2; R. Doc. 18-1.
[5] R. Doc. 1 at 3
[6] *Id.* at 5 ¶ 14.
[7] *Id.* at 8-9.
[8] *Id.* at 10-11.
[9] R. Doc. 3.

As a result, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). To determine whether to compel parties to arbitrate, the Court conducts a two-step inquiry. The Court first determines whether the parties agreed to arbitrate the dispute, namely whether there is a valid agreement to arbitrate and whether the dispute in question falls within the scope of that agreement. *See JP Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007). The Court next considers "whether any federal statute or policy renders the claims non-arbitrable." *Id.* (citations omitted).

The Court finds that the parties entered into a valid arbitration agreement, and that plaintiff's Title VII claims fall within the scope of that agreement. On September 11, 2014, plaintiff signed an employment agreement that states, in relevant part, that "[a]ny controversy or claim arising out of or relating to Employee's employment or other relationship with Company or any agents of Company shall be settled by binding arbitration."[10] This provision is unambiguous, and plaintiff's argument that the arbitration provision does not expressly include claims of sexual harassment or retaliatory termination is without merit. Moreover, the

---

10   R. Doc. 3-2 at 3.

agreement specifically refers to "claims relating to or arising out of any state or federal statute or public policy ('public policy claims')."[11] Under the agreement, "the substantive and remedial provisions of the statute[s] applicable to the public policy claims shall be available to any party required to arbitrate if those provisions would be otherwise available in court," and a party required to arbitrate a public policy claim "shall be entitled to the full range of discovery provided under applicable law."[12] The arbitration agreement is clearly intended to apply to statutory claims, including plaintiff's Title VII claims.

Plaintiff further contends that this arbitration agreement should not apply to events that occurred before the agreement was signed in September 2014.[13] But the language of the arbitration clause includes no temporal limitation. *See Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 206-07 (5th Cir. 2012) (noting that silence about the retroactive effect of a change in arbitration policy is interpreted to allow retroactive application); *Lakeland Anesthesia, Inc. v. United Healthcare of La., Inc.*, 871 So. 2d 380, 392 (La. App. 4 Cir. 2004). Additionally, defendant has produced an arbitration

---

[11] *Id.*
[12] *Id.* at 3-4.
[13] R. Doc. 10 at 5.

4

agreement signed and initialed by plaintiff on February 20, 2008, which specifically provides for the arbitration of Title VII claims.[14]

Plaintiff also asserts that the arbitration agreement is in conflict with defendant's other policies on harassment, which do not reference arbitration.[15] But plaintiff does not show that these general company policies displace or supersede her individual agreement to arbitrate.[16] Plaintiff also points out that her most recent written employment agreement, a December 2014 letter regarding a promotion, does not include any reference to arbitration.[17] But there is no indication that this letter altered any conditions of plaintiff's employment beyond her job description. By contrast, the September 2014 agreement containing the arbitration clause specifically provides that "[t]his agreement will supersede your previous terms of employment with Monster Energy Company . . . and will govern your employment from the date of this change."[18]

---

[14] R. Doc. 18-1 at 4-5.
[15] R. Doc. 10 at 6-7.
[16] Plaintiff points to company policies that permit employees to file a complaint with the EEOC and DFEH. *See* R. Doc. 10 at 6-7. But the arbitration clause specifically provides that the agreement does not prevent employees "from initially submitting a dispute to the applicable state agency, the EEOC, or the National Labor Relations Board." *See* R. Doc. 3-2 at 3.
[17] R. Doc. 10 at 4; R. Doc. 10-6.
[18] R. Doc. 3-2 at 1.

Plaintiff's arguments that the arbitration agreement is invalid because she did not previously discuss the arbitration provision with her supervisor and did not intend to agree to anything except a promotion are meritless.[19] Plaintiff does not dispute that she signed the September 2014 agreement. Regardless of her oral discussions regarding her employment conditions, plaintiff had an obligation to read the written agreement before signing it. *See Coleman v. Jim Walter Homes, Inc.*, 6 So. 3d 179, 183 (La. 2009) (holding that written arbitration agreement was enforceable even though prior oral negotiations did not mention arbitration).

Further, the Court finds that the arbitration provision is not an unenforceable contract of adhesion. The Louisiana Supreme Court has explained that "the real issue in a contract of adhesion analysis is not the standard form of the contract, but rather whether a party truly consented to all the printed terms." *Aguillard v. Auction Mgmt. Co.*, 908 So. 2d 1, 10 (2005). Here, the arbitration provision appears under its own subheading, covers several paragraphs, and states in bold text that "[y]ou agree to waive the right to a jury and instead submit disputes arising out of or related to this agreement or your employment to neutral, binding arbitration."[20] Like the

---

[19]     R. Doc. 6-7.
[20]     R. Doc. 3-2 at 3-4.

arbitration agreement upheld by the Louisiana Supreme Court in *Aguillard*, the arbitration provision in plaintiff's contract appears in the same print size as the other contract terms, is clearly visible, and applies to both parties. *See* 908 So. 2d at 16-17; *cf. Duhon v. Activelaf, LLC*, -- So. 2d. --, 2016 WL 6123820, at *5 (La. 2016) (finding arbitration clause unenforceable when arbitration language was concealed within a long paragraph and lacked mutuality).

Plaintiff does not point to any federal statute or policy that renders her claims non-arbitrable. On the contrary, her arguments are inconsistent with the federal policy favoring arbitration and the Supreme Court's decision in *Concepcion*. *See* 563 U.S. at 346-47 (holding that federal policy favoring arbitration preempted a state rule regarding unconscionability of contracts of adhesion). Plaintiff's unsupported assertion that she did not agree to the arbitration provision is insufficient to defeat the motion to compel arbitration.

Because all of plaintiff's claims are subject to arbitration, the Court finds it appropriate to dismiss the complaint. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *see also Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 678-79 (5th Cir. 1999).

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to compel arbitration. Plaintiff's complaint is DISMISSED.

New Orleans, Louisiana, this __6th__ day of November, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE